UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-0051 RWS |
| | ) | |
| NINA HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamon Taneal Hemingway (registration no.1101853), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.[1] A review of plaintiff's account indicates an average monthly deposit of $8.50. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint[2]

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: Nina Hill; Kimberly Delisle; Michael Loomes; Antonia Johaan; Unknown Robinson; Larry Graham; Megan Crowe; Unknown

---

[1] The Court takes judicial notice of the certified account statement plaintiff submitted in *Hemingway v. Berry*, No. 1:17CV21 AGF (E.D.Mo.).

[2] The claims in this case are slightly different than the claims contained in plaintiff's complaint in *Hemingway v. Hill*, No.1:17CV30 RLW (E.D.Mo.).

Anderson; Cody Stanley; Jason Clements; Mark Boyt; Ryan Welch; Unknown Medical Doctor; Cynthia Reese; Heather Shirrell; Molly Unknown; Mark Curry; and Corizon Healthcare Services. Plaintiff asserts that each of the alleged defendants are current healthcare and/or mental health employees at SECC, employed by Corizon. Plaintiff sues defendants in both their individual and official capacities.

Plaintiff claims to suffer from a seizure disorder and to regularly see nurse Nina Hill in a chronic care clinic at the prison. He asserts that on February 2, 2017, he was seeing Nurse Nina Hill on "sick call for other injuries," and he began to tell Nurse Hill allegations about his purported offender abuse claims, or use of the PREA mechanism at the prison. Plaintiff also purportedly told Nurse Hill that he believed some of his seizures where psychological in nature.

Plaintiff states that he believes that later in February of 2017, Nurse Hill intentionally re-diagnosed all of his seizures as psychological in nature, but she later refused plaintiff's requests to be seen by mental health providers at SECC. Plaintiff states that even when he placed himself on suicide watch, Nina Hill refused to stop reducing his neurological seizure medications, which plaintiff believes she was doing in retaliation for his use of the PREA reporting mechanism. Plaintiff additionally states that when the mental health defendants stopped in to see him on suicide watch, including defendants Curry, Molly Unknown, Cynthia Reese and Heather Shirrell, they refused to do mental health counseling with him, but only wanted to know if he was actually suicidal or not. Plaintiff believes that the mental health defendants' failure to treat his psychological needs was deliberately indifferent to his documented psychometric seizure disorder.

Plaintiff fails to state which of the purported defendants refuse to adhere to his medical lay-in.

Plaintiff seeks monetary damages and injunctive relief in his § 1983 complaint.

**Discussion**

After reviewing the complaint in its entirety, the Court will order the Clerk to issue process or cause process to issue on plaintiff's claims of retaliation under the First Amendment and for Eighth Amendment deliberate indifference against Nina Hill in her individual capacity only.

The Court will also issue process on plaintiff's claims against defendants Marc Curry, Molly Unknown, Cynthia Reese and Heather Shirrell pursuant to Eighth Amendment deliberate indifference in their individual capacities only for their purported failure to treat plaintiff's psychological needs when he was placed on suicide watch and thereafter his mental health needs that coincided with his diagnosed "psychometric seizure disorder."

Plaintiff's claims against defendants Hill, Curry, Molly Unknown, Cynthia Reese, and Heather Shirrell in their official capacities are subject to dismissal as plaintiff has not made a custom or policy claim against Corizon, their employer. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Additionally, plaintiff's claim against "Corizon Healthcare Services" fails for the same reason.

Plaintiff's claims against Kimberly Delisle, Michael Loomes, Antonia Johaan, Unknown Robinson, Larry Graham, Megan Crowe, Unknown Anderson, Cody Stanley, Jason Clements, Mark Boyt, Ryan Welch and Unknown Medical Doctor are also subject to dismissal, as plaintiff has not made any direct claims against these defendants. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Nina Hill, Marc Curry, Molly Unknown, Cynthia Reese and Heather Shirrell in their individual capacities. Defendants shall be served through the waiver agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Nina Hill, Marc Curry, Molly Unknown, Cynthia Reese and Heather Shirrell shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Corizon Healthcare, Kimberly Delisle, Michael Loomes, Antonia Johaan, Unknown Robinson, Larry Graham, Megan Crowe, Unknown Anderson, Cody Stanley, Jason Clements, Mark Boyt, Ryan Welch and Unknown Medical Doctor because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the official capacity claims against defendants Nina Hill, Marc Curry, Molly Unknown, Cynthia Reese and Heather Shirrell. These claims are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of August, 2017.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE