UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMON TANEAL HEMINGWAY, SR., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:17 CV 51 RWS ) |
| NINA HILL, et al., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Defendants Mark Curran, Nina Hill, Cynthia Reese, and Heather Shirrell move for summary judgment against Plaintiff Lamon Hemingway's § 1983 claims. [No. 20]. Defendants argue that Hemingway failed to exhaust his administrative remedies. Hemingway has not responded to defendants' motion for summary judgment. After carefully reviewing the arguments, I find that Hemingway failed to exhaust his administrative remedies and will dismiss his claims.

## **BACKGROUND**

Hemingway, a former inmate at Missouri's Southeast Correctional Center (SECC), filed this suit pro se on March 30, 2017, while he was still at the SECC. Hemingway was released from SECC on December 2, 2017. In his complaint, Hemingway alleges deliberate indifference to his serious medical needs, cruel and unusual punishment, inhumane and indecent living conditions, and retaliation for

filing complaints. Defendants moved for summary judgment on November 15, 2017. At Hemingway's request, I extended the deadline for him to file his response to the motion for summary judgment to January 6, 2018. [No. 25]. I also granted Hemingway leave to amend his complaint by January 2, 2018. [No. 25]. Hemingway failed to file both his response and his amended complaint by the required time. On April 5, 2018, I ordered Hemingway to show cause why I should not grant defendants' motion for summary judgment by April 20, 2018. As of Wednesday, April 25, 2018, Hemingway has not responded to my order.

## **LEGAL STANDARD**

The party seeking summary judgment bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998); Fed. R. Civ. P. 56(a), (c). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Celotext Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1), (e). "If a party fails to . . . properly address another party's assertion of fact," I may consider the fact undisputed and grant summary judgment if the facts and arguments show the movant is entitled to it. Fed. R. Civ. P. 56(e).

## ANALYSIS

Defendants argue that Hemingway failed to exhaust his administrative remedies and that his claim is therefore barred by the Prison Litigation Reform Act. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Hemingway claims that SECC personnel prevented him from exhausting administrative remedies. (Complaint, No. 1 at 5 ("I am not allowed to utilize this prisons (sic) grievance system – per orders of the Assistant Warden, classification staff, etc.")). The Missouri Department of Corrections' (MDOC) grievance procedure allows inmates to proceed directly to administrative appeal if an offender believes he is being reprised against for participating in the grievance process.

Hemingway has offered no evidence that "any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). In contrast, defendants provide evidence that Hemingway has filed no grievance related to the claims he presents in this suit. (Grievance Records, No. 22-3). Hemingway's grievance records indicate that he only filed one grievance while at the SECC for

3

an unrelated issue. (Id.). As a result, I find that Hemingway did not exhaust his administrative remedies as required by the PLRA. 42 U.S.C. § 1997e(a).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment, [No. 21], is **GRANTED**. Hemingway's claims against all defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay, [29], is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2018.